**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MAGDALENA MACIAS, MARY STOKE, KATHLENE TOFT, PAULA ORR, GEORGE WATTS, DARREL NORRIS, SANDRA FRY, LEONARD CLARK, JOSH SMITH, and CAROLYN EDDLEMON, <br><br>Plaintiffs, <br><br>vs. <br><br>C. R. BARD, INC., a foreign corporation; BARD PERIPHERAL VASCULAR, INC., an Arizona corporation; MCKESSON CORPORATION, a corporation; and DOES 1 THROUGH 100 INCLUSIVE, <br><br>Defendants. | Case No: 3:20-CV-01491 <br><br>Removed from the 193rd Judicial District Court of Dallas County, Texas, Case No. DC-20-05388 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THE OUT-OF-STATE
PLAINTIFFS' CLAIMS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I.    BACKGROUND AND PERTINENT FACTS ........................................................1

II.   ARGUMENT AND CITATION TO AUTHORITY ...............................................3

      A.     This Court Lacks General Jurisdiction Over Defendants Because Defendants' Contacts With Texas Are Not So Continuous and Systematic as to Render Them "At Home" in This State ................................................5

      B.     This Court Lacks Specific Jurisdiction Over Defendant Because the Out-of-State Plaintiffs Plead No Facts Connecting Defendants' Alleged Actions or Their Alleged Injuries to Texas ...................................................7

III.  CONCLUSION........................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Architettura Inc. v. DSGN Associates, Inc.*,
 3:16-cv-3021-S, 2018 WL 3428705 (N.D. Tex. July 13, 2018) ................ 4, 5, 8

*BNSF Ry. Co. v. Tyrell*,
 137 S. Ct. 1549 (2017) ................................................................... 5

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
 137 S. Ct. 1773 (2017) ................................................... 8, 9, 10, 11

*Bullion v. Gillespie*,
 895 F.2d 213 (5th Cir. 1990) ........................................................ 4

*Coury v. Prot*,
 85 F. 3d 244 (5th Cir. 1996) ........................................................ 6

*Cycles, Ltd. v. W.J. Digby, Inc.*,
 889 F.2d 612 (5th Cir. 1989) ........................................................ 4

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ............................................................... 6, 7

*Garteiser Honea, P.C. v. Moskowitz*,
 2:18-cv-00372-JRG, 2018 WL 6617780 (E.D. Tex. Dec. 18, 2018) ................ 6

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*,
 995 F. Supp. 2d 587 (N.D. Tex. 2014) ........................................... 5

*Lloyd's Syndicate 457 v. American Global Maritime, Inc.*,
 346 F. Supp. 3d 908 (S.D. Tex. 2018) ........................................ 4, 7

*Mitchell v. DePuy Orthopaedics, Inc.*,
 No. 4:18- CV-00850-NKL, 2019 WL 2343847 (W.D. Missouri June 3, 2019) ...... 9

*Oliver v. Ethicon, Inc.*,
 2:12-CV-06950, 2017 WL 3193652 (S.D.W. Va. July 27, 2017) ............... 9, 10

*Sangha v. Navig8 ShipManagement Private Ltd.*,
 882 F.3d 96 (5th Cir. 2018) ........................................................ 5

*Seiferth v. Helicopteros Atuneros, Inc.*,
 472 F.3d 266 (5th Cir. 2006) .................................................... 5, 10

*UST-Mamiya, Inc. v. True Sports, Inc.*,
 3:19-cv-2745-B, 2020 WL 905358 (N.D. Tex. Feb. 25, 2020) .........................4

*In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*,
 358 F. Supp. 3d 418 (E.D. Pa. 2019) ..................................................................9

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (together "Defendants" or "Bard") respectfully move this Court to dismiss Plaintiffs Mary Stoke, Kathlene Toft, Paula Orr, George Watts, Darrel Norris, Sandra Fry, Leonard Clark, Josh Smith, and Carolyn Eddlemon's (together the "Out-of-State Plaintiffs") claims for damages for lack of personal jurisdiction.[1]

Defendants are not subject to general jurisdiction in Texas because neither corporation is incorporated or has its principal place of business in Texas. Moreover, Defendants are not subject to specific jurisdiction in Texas because Plaintiffs' claims do not arise from any contact between Defendants and this state. The Out-of-State Plaintiffs plead no factual allegations to the contrary; instead, they baldly assert—without pleading any factual basis—that this Court may exercise jurisdiction over Defendants because Defendants allegedly "committed a tort" in Texas. (Pls.' Original Petition ¶ 27.) But the Out-of-State Plaintiffs plead no facts asserting a connection between their claims and the State of Texas.

Because Defendants are neither incorporated in nor operate a principal place of business in Texas, and because the Out-of-State Plaintiffs' claims do not arise from any contact between Defendants and this state, there is no legal basis for this Court to exercise personal jurisdiction over Defendants. For this reason, the Out-of-State Plaintiffs' claims should be dismissed.

## I.   BACKGROUND AND PERTINENT FACTS

This case is one of 49 separate, multi-plaintiff cases (totaling 489 plaintiffs) filed and served by Plaintiffs' counsel in Texas. Each case—and this one is no exception—includes a single

---

[1] Complete diversity of citizenship exists, and this Court has subject matter jurisdiction over this action, because Defendant McKesson is fraudulently joined. *See* Bard's Notice of Removal, which Bard incorporates herein.

Texas Plaintiff, and the remaining Plaintiffs are not residents or citizens of Texas and do not have any alleged connections to this state.

The Out-of-State Plaintiffs assert claims against Defendants, McKesson Corporation, and Does 1 through 100 for negligence (Count I), strict product liability for an alleged information defect and failure to warn (Count II), strict product liability for an alleged design defect (Count III), strict product liability for an alleged manufacturing defect (Count IV), negligent misrepresentation (Count V), and punitive damages. (*See generally* Pls.' Original Petition.) The Out-of-State Plaintiffs' claims relate to alleged injuries they suffered after being implanted with one of Defendants' six different models of prescription implantable medical devices called retrievable inferior vena cava filters ("IVC filters[2]"). (*Id.* ¶¶ 30-31.)

The Out-of-State Plaintiffs' Petition is almost completely devoid of factual allegations specific to each Plaintiff and his or her claims. Indeed, the Petition pleads no facts regarding the type of filter each Plaintiff received, the date and location of implant, the surgeon or interventional radiologist who implanted the filter, the medical condition(s) or circumstances that led each Plaintiff's physician to choose to implant a filter in each Plaintiff, or the types of injuries each Plaintiff allegedly sustained as a result of Bard's IVC filters. Additionally, the Out-of-State Plaintiffs have neither plead, disclosed, nor provided record of any medical treatment received by any of them related to injuries allegedly caused by a Bard filter in Texas. And the Out-of-State

---

[2] Bard's IVC filters are prescribed and placed by surgeons or interventional radiologists in the inferior vena cava, the large vein leading from the lower extremities to the heart. Once the filter is deployed, its arms and legs open and anchor the filter in the walls of the IVC. The filter then acts to "catch" and prevent large blood clots that form in the deep veins of the body from traveling up through the inferior vena cava to the heart or lungs and causing pulmonary embolus, which can be deadly. These devices are "retrievable" because they may be removed at a later time via a non-invasive procedure when the patient's risk of pulmonary embolism passes.

Plaintiffs plead no facts alleging that their claims arise out of or relate to Defendants' contacts in the state of Texas.

Instead, the Petition pleads in conclusory fashion that "[e]ach Plaintiff was implanted with an inferior vena cava filter, including but not limited to, Recovery® Filter, G2® Filter, G2X® Filter, Eclipse® Filter, Meridian® Filter, and the Denali® Filter." (Pls.' Original Petition ¶ 90; *see also id.* at ¶ 30 ("Plaintiffs bring this action after being implanted with one of Defendants' inferior vena cava filters.").) The only other plaintiff-specific factual allegations in the Petition are the Out-of-State Plaintiffs' residency allegations, asserting that each Plaintiff "is, and was at all times material herein, a resident of" each Plaintiff's home city and state. (*See* Pls.' Original Petition ¶ 3-12.) Thus, according to the Petition, the Out-of-State Plaintiffs' claims necessarily arise out of events that occurred in each of their respective home states, **not Texas**. Indeed, their claims would ostensibly be exactly the same if they had filed these actions in their home jurisdictions, and if Defendants never sold, promoted, or advertised an IVC filter in Texas.

Defendant C. R. Bard, Inc. is a New Jersey corporation, which manufacturers the filters described above. Defendant Bard Peripheral Vascular, Inc. is an Arizona corporation with a facility located in Tempe, Arizona. As Plaintiffs' Petition alleges, neither of the Defendants operates their principal place of business in Texas. (Pls.' Original Petition ¶¶ 13-14.)

## II.     ARGUMENT AND CITATION TO AUTHORITY

A federal court sitting in diversity may assert personal jurisdiction over a defendant if "(1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). Texas courts have interpreted the state's long-arm statute as extending to the limits of the Due Process Clause. *Bullion v. Gillespie*, 895 F.2d 213,

215 (5th Cir. 1990). "Accordingly, to determine whether it may assert jurisdiction under the Texas long-arm statute, a federal court must determine whether jurisdiction comports with federal constitutional guarantees of due process." *UST-Mamiya, Inc. v. True Sports, Inc.*, 3:19-cv-2745-B, 2020 WL 905358, at *2 (N.D. Tex. Feb. 25, 2020). A non-resident defendant's contacts with Texas may support an exercise of either general or specific jurisdiction. *Id.* (citing *WNS Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)); *see also Architettura Inc. v. DSGN Associates, Inc.*, 3:16-CV-3021-S, 2018 WL 3428705, at *2 (N.D. Tex. July 13, 2018).

The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Architettura Inc.*, 2018 WL 3428705, at *1 (citing *Monkton Ins. Svcs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014)); *Lloyd's Syndicate 457 v. American Global Maritime, Inc.*, 346 F. Supp. 3d 908, 925 (S.D. Tex. 2018) ("When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating sufficient facts to support jurisdiction."). And each of the Out-of-State Plaintiffs in this action must establish personal jurisdiction over Defendants. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006) ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts [] violate[s] the Due Process Clause."). While the Court must "accept jurisdictional allegations in the complaint as true," it "need not credit conclusory allegations, even if uncontroverted." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 615 (N.D. Tex. 2014).

**A.** **This Court Lacks General Jurisdiction Over Defendants Because Defendants' Contacts With Texas Are Not So Continuous and Systematic as to Render Them "At Home" in This State.**

"General jurisdiction allows a court to hear any claim against a nonresident defendant, and it exists when the defendant's 'affiliations with [Texas] are so 'continuous and systematic' as to render them essentially at home in [Texas].'" *Architettura Inc.*, 2018 WL 3428705, at *2 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alterations in original); *see also Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101-02 (5th Cir. 2018) ("Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'"). As the U.S. Supreme Court has instructed, "[t]he 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Goodyear*, 564 U.S. at 924; *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Only in an "exceptional case" will a foreign corporation's operations in a forum other than its place of incorporation or principal place of business render the corporation at home in that forum. *See Daimler*, 571 U.S. at 761 n.19 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) as an example of an "exceptional case" wherein the defendant's principal place of business was temporarily moved from the Philippines to Ohio, where it was sued, because of war). As the Supreme Court recognized, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n. 10.

It is uncontested that Defendants are neither incorporated in nor have their principal place of business in Texas. (*See* Pls.' Original Petition ¶ 13 ("Defendant C. R. Bard, Inc. ('Bard') is a corporation duly organized and existing under the laws of the State of Delaware and has its principal place of business in New Jersey."); ¶ 14 ("Defendant Bard Peripheral Vascular, Inc.,

('BPV') is a wholly owned subsidiary corporation of Defendant Bard, with its principal place of business at 1625 West 3rd Street, Tempe, Arizona.").[3] For this reason alone, Plaintiffs' claims should be dismissed for lack of personal jurisdiction.

But even if this Court takes its analysis further, the Out-of-State Plaintiffs plead no facts whatsoever that this is an "exceptional case" to warrant the exercise of general jurisdiction over Defendants. Plaintiffs allege in conclusory fashion that Defendants "at all times relevant to this action, designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, distributed, and sold the Bard Filter to be implanted in patients throughout the United States." (Pls.' Original Petition ¶¶ 13-14.) Plaintiffs also allege that "[e]ach Defendant marketed, advertised, and distributed Bard filters in the State of Texas." (*Id.* ¶ 28.)

Such conclusory statements, without even a single factual allegation regarding when or where such activities allegedly took place, are insufficient to meet Plaintiffs' burden here. *See Lloyd's Syndicate 457*, 346 F. Supp. 3d at 925 (requiring a plaintiff to "demonstrate sufficient facts to support jurisdiction"). Merely placing a product in the stream of commerce in Texas is grossly insufficient to establish *general* jurisdiction over a defendant in this state. *See Daimler*, 134 S. Ct.

---

[3] Defendants note that the Petition incorrectly alleges that Defendant C. R. Bard, Inc. is a Delaware corporation. C. R. Bard, Inc. is incorporated under the laws of New Jersey and has its principal place of business in that state. *See* STATE OF NEW JERSEY DIVISION OF REVENUE & ENTERPRISES SERVICES, *Business Name Search*, https://www.njportal.com/DOR/ BusinessNameSearch/Search/BusinessName (last visited June 4, 2020). This Court has broad discretion "to determine what evidence to use in making its determination of jurisdiction" and "is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *See Coury v. Prot*, 85 F. 3d 244, 249 (5th Cir. 1996). "In particular, courts may take judicial notice of matters of public record." *Garteiser Honea, P.C. v. Moskowitz*, 2:18-cv-00372-JRG, 2018 WL 6617780, at *2 (E.D. Tex. Dec. 18, 2018). Because information regarding C. R. Bard's state of incorporation is publicly available on the State of New Jersey Division of Revenue and Enterprises website, this Court may take judicial notice of C. R. Bard's incorporation in New Jersey. *See id.* (taking judicial notice of the defendant corporation's principal place of business as noted on the corporation's website).

at 757 ("Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." (quoting *Goodyear*, 131 S. Ct. at 2857)).

Finally, the Out-of-State Plaintiffs do not—and cannot—allege that any other extraordinary occurrence, like Bard's temporary relocation of its principal place of business to Texas, took place, warranting the Court's exercise of general jurisdiction. *See e.g. Daimler*, 571 U.S. at 123, 139 n. 19 (finding "Daimler's activities in California plainly do not approach" the level of an exceptional case even though Daimler had multiple facilities and a regional office in California and was the largest supplier of luxury vehicles in California). Thus, this Court cannot exercise general jurisdiction over Defendants.

**B.     This Court Lacks Specific Jurisdiction Over Defendant Because the Out-of-State Plaintiffs Plead No Facts Connecting Defendants' Alleged Actions or Their Alleged Injuries to Texas.**

A court may exercise specific jurisdiction "when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Architettura Inc.*, 2018 WL 3428705, at *2 (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008)). "In Texas, this requires 'a substantial connection between [the] contacts and the operative facts of the litigation.'" *Id.* (citing *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007).

As the Supreme Court held in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017), a court can only maintain specific jurisdiction over a foreign corporation when the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum." Facts that are related to a defendant's activities in the forum state but are

unconnected to the plaintiff's specific claims in the lawsuit are irrelevant to a specific jurisdiction analysis. *Id.* at 1781 ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State. . . .When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.") (internal citations omitted).

The jurisdictional facts of *Bristol-Myers* closely mirror the jurisdictional facts of this case. And the result of *Bristol-Myers*—that a court cannot exercise specific personal jurisdiction over a foreign defendant with respect to out-of-state plaintiffs' claims—should be the same here. In *Bristol-Myers*, a group of plaintiffs, consisting of California residents and non-California residents, filed suit in California alleging a pharmaceutical drug called Plavix caused injuries to the plaintiffs. *Bristol–Myers Squibb*, 137 S. Ct. at 1778. The nonresident plaintiffs did not allege they were injured by Plavix or were treated for their injuries in California. *Id.* Nor did they allege California physicians, or any other California source, provided the drug. *Id.* Concluding that specific jurisdiction was lacking as to the non-California plaintiffs' claims, the Supreme Court stated:

> As noted, the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, 'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction" . . . What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.

*Id.* at 1781. (internal citations omitted, emphasis original).

Following *Bristol-Myers*, numerous federal courts in prescription drug and device product liability cases have recognized that specific jurisdiction only lies against a non-resident defendant

like Bard in the state where the plaintiff was implanted with the subject medical device or ingested the drug at issue because that is where the plaintiff's claims arose. *See, e.g.*, *Mitchell v. DePuy Orthopaedics, Inc.*, No. 4:18- CV-00850-NKL, 2019 WL 2343847 (W.D. Missouri June 3, 2019) (dismissing for lack of personal jurisdiction where the plaintiff received a knee replacement implant while she lived in Kansas, then moved to Missouri, claiming that, after she moved there, Missouri was where she suffered injuries and where she sought treatment for her injuries)); *In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*, 358 F. Supp. 3d 418, 423 (E.D. Pa. 2019) ("The relevant activity or occurrence with respect to Stanton took place in Edgartown, Massachusetts when she received the Zostavax injection. The relevant activity or occurrence with respect to Morris took place in Connecticut where she was injected with Zostavax. The torts which allegedly caused their injuries happened in places other than Florida. While plaintiffs were long-time residents of Florida, Merck did nothing to and had no interaction with either of them in that state."); *Oliver v. Ethicon, Inc.*, 2:12-CV-06950, 2017 WL 3193652, at *3 (S.D.W. Va. July 27, 2017) ("Given that the record indicates no connection between the mesh product implanted in the plaintiff in Arkansas and Ethicon's mesh products sold in Minnesota, a finding of specific jurisdiction [in Minnesota] is not appropriate.").

Here, the Out-of-State Plaintiffs fall far short of their burden in establishing specific personal jurisdiction and present no facts to suggest that their alleged injuries from Bard IVC filters arise out of or relate to Defendants' actions in Texas. The Petition is silent as to whether the Out-of-State Plaintiffs received their Bard IVC filters in Texas, whether they or their implanting physicians saw any relevant advertisements or warnings from Defendants in Texas, whether they were somehow induced to receive a Bard IVC filter while in Texas, whether they received any treatment for their filters in Texas, or whether they were allegedly injured in Texas. (*See generally*

Pls.' Original Petition.) Tellingly, the Out-of-State Plaintiffs make no allegations regarding where they received their IVC filters or experienced any alleged injury. (*See id.*) Instead, they merely assert that each of the Out-of-State Plaintiffs "is, and was at all times material herein, a resident of" each Plaintiff's home city and state. (*See* Pls.' Original Petition ¶ 3-12.) The only reasonable inference from these allegations is that the claims of the Out-of-State Plaintiffs have nothing to do with Texas.[4]

Thus, according to the Petition, the Out-of-State Plaintiffs' claims necessarily arise out of events that occurred in each of their home states, ***not Texas***. Under the prevailing Supreme Court precedent, the Out-of-State Plaintiffs' factual allegations are insufficient to justify the exercise of specific jurisdiction over Defendants. *See Bristol-Myers*, 137 S. Ct. at 1781-82.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that all of the Out-of-State Plaintiffs' claims be dismissed for lack of personal jurisdiction.

---

[4] That Plaintiff Macias is a resident of Texas does not change this Court's analysis. Each of the plaintiffs in this action must establish personal jurisdiction over Defendants. *See Seiferth*, 472 F.3d at 274-75 ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or related to the defendant's forum contacts [] violate[s] the Due Process Clause."). Like the Supreme Court said, "[t]he mere fact [a Texas Plaintiff was] prescribed, obtained, and [received a Bard filter] in [Texas]—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Bristol-Myers*, 137 S. Ct. at 1781. Finally, to the extent the Out-of-State Plaintiffs hinge their jurisdictional allegations on Plaintiff Macias' claims, those claims should be severed pursuant to this Court's inherent authority under Federal Rule of Civil Procedure 21.

Respectfully submitted,

*/s/Melissa Dorman Matthews*
Melissa Dorman Matthews
Texas Bar No. 00790603
mmatthews@hartlinebarger.com
Jordan E. Jarreau
Texas Bar No. 24110049
jjarreau@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Facsimile: (214) 267-4271

**ATTORNEYS FOR DEFENDANTS
C. R. BARD, INC. AND
BARD PERIPHERAL VASCULAR, INC.**

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 9th day of June, 2020, a true and correct copy of the foregoing document was served upon all known counsel of record via ECF in accordance with the Federal Rules of Civil Procedure.

                                                /s/ *Melissa Dorman Matthews*
                                                Melissa Dorman Matthews